**Charles GRIM, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. PJM 93–859.**

United States District Court, D. Md., Baltimore Division.

Aug. 11, 1994.

James F. McCadden, Towson, MD, for plaintiff.

Stewart P. Hoover, Bryan D. Bolton, Shapiro & Olander, Baltimore, MD, for defendant.

*OPINION*

MESSITTE, District Judge.

I.

The Court has before it Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment.

Plaintiff Charles Grim was an insured under a health policy written by Defendant Prudential Insurance Company of America. The core issue in this case is whether Plaintiff is entitled to coverage by Defendant's policy with regard to (1) certain physical therapy services and (2) certain home care services received by him following a cerebral vascular accident he experienced in 1991.

Both parties contend they are entitled to summary judgment with regard to the home care services; Plaintiff also argues that he merits judgment as a matter of law with regard to the physical therapy services.

The Court concludes, with regard to the physical therapy services, that a genuine issue of material fact exists and, accordingly, Plaintiff's Motion for Summary Judgment will be denied to that extent. As to the home care services, the Court agrees that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Partial Summary Judgment will be granted, while Plaintiff's Motion for Summary Judgment will be denied to that extent.

## II.

Plaintiff was 59 years old in November, 1991, when he suffered a cerebral vascular accident, which left him with partial paralysis on the left side, difficulty in swallowing and limitations in other life activities. At the time, he was covered under a group employee benefit policy of Defendant, which provided payments for certain services associated with illness.

On May 23, 1992, Plaintiff's primary care physician, Dr. Gary Milles, referred Plaintiff for physical therapy.

Under Part II of Defendant's policy, coverage was provided for certain "Eligible Charges," including "treatment by a physical or occupational therapist." However, the policy also provided that:

A charge, or part of a charge, is not an Eligible Charge under this Part II if excluded. It is excluded to the extent it.... is described in the Generally Excluded Charges shown on a separate page.

Under the heading "Generally Excluded Charges," the policy stated that:

[t]he following charges are not covered under either Part I or Part II of the Major Medical Expense Coverage:

. . . .

(3) Charge for Unnecessary Services or Supplies: A charge for services or supplies, including test and check up exams, to the extent that they are not needed for (i) the diagnosis of a Sickness or Injury, or (ii) the medical care of a diagnosed sickness or injury.

Although Defendant had no problem authorizing the provision of physical therapy services through the end of July, 1992, it thereafter refused to extend coverage. The gist of Defendant's refusal lay in the conclusion of its medical director that physical therapy services were not "needed for medical care," as required by the terms of the policy. Defendant's decision was informed at least in part by Plaintiff's age, which suggested an ability to recuperate far faster than an older patient might under similar circumstances. Plaintiff's physician, on the other hand, wrote to Defendant's physician on September 24, 1992, stating that in his opinion Plaintiff "would benefit greatly from continued physical therapy."

Despite this evident difference of opinion, Plaintiff asks for summary judgment on his first claim of breach of contract.[1]

## III.

Following his vascular accident, Plaintiff also began to receive certain home care services from, among others, an entity known as

---

1. The Court notes that Plaintiff's claim is cast as an action for breach of contract, rather than one under the Employee Retirement Income Security Act 29 U.S.C. § 1001 et seq., as amended (ERISA). Although Plaintiff makes reference to ERISA in his Motion for Summary Judgment, his Amended Complaint still stands as a common law action for breach of contract. ERISA, however, preempts all common law actions based on employee benefit plans. 29 U.S.C. § 1144. *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Court suggests that Plaintiff file a Second Amended Complaint restating his breach of contract claim as one for relief under ERISA.

"First Call," an individual named James Lightfoot, another named Charlotte Lightfoot, and a third named Carol Halstead. In time, such services were received from entity known as "Home Care Enterprises." The services provided by each of the individuals, as well as by Home Care Enterprises, are described by Plaintiff himself as "home care," while the services provided by First Call are described by him as being for "personal care aid & sitter."

Plaintiff concedes that Defendant's policy contains an exclusion with regard to "custodial care," which the policy further defines as:

(T)hat care that provides a level of routine maintenance for the purpose of meeting personal needs. This is care that can be provided by a lay person who does not have professional qualifications, skills or training. Custodial Care includes, but is not limited to, help in walking and getting into or out of bed; help in bathing, dressing and eating; help; other functions of daily living of a similar nature; administration of or help in using or applying medications, creams or ointments; routine administration of medical gasses after a regimen of therapy has been set up; routine care of a patient; including functions such as changes of dressings, diapers, and protective sheets and periodic turning and positioning in bed; routine care and maintenance in connection with casts, braces and other similar devices, or other equipment and supplies used in treatment of a patient, such as colostomy and ileostomy bags and indwelling catheters; routine tracheostomy care; general supervision of exercise programs including carrying out of maintenance programs of repetitive exercises that do not need the skills of a therapist and are not skilled rehabilitation services. (Policy, p. 58)

Plaintiff, however, contends that coverage obtains by virtue of another provision in the policy, that pertaining to "Home Health Care." The policy defines that term thus:

A program, prescribed in writing by a person's Doctor and administered by a Home Health Care Agency, that provides for the care and treatment of a person's

Sickness or Injury in the person's home. (Policy, p. 59)

"Home health care agency" is defined as:

An organization that has been licensed or certified as a home health agency in the state where the home health care is given, or is a home health agency as defined in Medicare. (Policy, p. 59)

The policy specifies that "home health care services" are covered for the following:

a) Part-time or intermittent home nursing care given or supervised by a Registered Nurse (R.N.);

b) Part-time or intermittent home health aide service, mainly for care of the person;

c) Nutritional counseling furnished or supervised by a registered dietician. (Policy, p. 20)

Significantly, however, the policy provides that the foregoing services are included, "only if all of these conditions are met":

a) The services are not mainly Custodial Care;

b) The services are prescribed in writing by the person's Doctor

1) as medically needed for the care and treatment of the person's Sickness or Injury in the person's home; and

2) as being in place of the person's inpatient stay in a Hospital or Convalescent Nursing Home that would be required in the absence of such services; and

3) no later than 14 days after the start of the home health care.

c) The services are furnished to the person while under a Doctor's care. (Policy, p. 20)

Plaintiff offers no evidence that he complied with each of the foregoing provisions, asserting only that he "has fulfilled his obligations under the contract." His supporting evidence consists of a single sentence from Dr. Milles which, in its entirety, reads:

(t)hat the home health care services provided by Home Care Enterprises were necessary to enhance Mr. Grim's recovery.

The parties have filed cross-motions for summary judgment as to this issue.

## IV.

■ Under Fed.R.Civ.P. 56, a party moving for summary judgment bears the initial burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). When a defendant has presented the court with a properly supported motion for summary judgment, plaintiff then has the burden of presenting "affirmative evidence ... from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In meeting this burden, the plaintiff may not rest on assertions made in his pleadings. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985).

## V.

■ With regard to the issue of physical therapy, there can be no doubt that a triable issue remains. Whatever may be the position of Plaintiff's physician in regard to the propriety of such services in Plaintiff's case, Defendant's medical director is unquestionably on record as disputing the medical necessity of such services.

Since a genuine issue of material fact exists, to that extent Plaintiff's Motion for Summary Judgment must fail.

## VI.

■ In contrast, Defendant's Motion for Partial Summary Judgment with regard to the "home health care" issue is well-taken. Ignoring the conditions of coverage entirely, Plaintiff offers no evidence (1) that his claims for "home care" and "personal care aid & sitter" meet the policy's definition of "home health care"; (2) that the "home health care" he received was prescribed in writing by a physician within 14 days after the alleged home care began; or (3) that his claims for "home health care" are not excluded from coverage as "custodial care."

To argue that home health care services were "medically necessary" does not suffice.[2] However helpful such services might have been, unless they are covered by the policy, Defendant has no obligation to pay for them.

Under the circumstances, Prudential is entitled to partial summary judgment with regard to the home health care services.

## VII.

A separate order will be entered implementing the Court's decision.

## *ORDER*

Upon consideration of Plaintiff's Motion for Summary Judgment and Defendant's Opposition thereto; and upon further consideration of Defendant's Motion for Partial Summary Judgment and Plaintiff's Opposition thereto, it is this 11th day of August, 1994

ORDERED that Plaintiff's Motion for Summary Judgment is hereby DENIED; and it is further

ORDERED that Defendant's Motion for Partial Summary Judgment (with regard to the issue of home health care services) is hereby GRANTED; and it is further

ORDERED that this matter shall be set for a pre-trial conference on February 1, 1995 at 4:30 p.m. and trial on February 13, 1995 at 10:00 a.m.

---

2. Strictly speaking, with regard to the only home health care services provider referred to by Dr. Milles in his affidavit, viz., Home Care Enterprises, he does not characterize its services as "medically necessary," only as "necessary to enhance Mr. Grim's recovery."